[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 20, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14333
Non-Argument Calendar

_____

BIA Nos. A96-281-372 & A96-281-292

VIDAL BACHEM,
NORMA JACQUELINE GERALDO,
RUTH ITZEL BACHEM,
HANS ADONAI BACHEM,
AIPSSE BACHEM,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 20, 2007)

Before ANDERSON, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Vidal Bachem, a citizen of Paraguay appearing pro se, on behalf of himself and his wife and three children, Norma Jacqueline Geraldo, Ruth Itzel Bachem, Hans Adonai Bachem, and Aipsse Bachem, seeks review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order finding him and his family removable and denying his application for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment ("CAT"), INA § 241(b)(3), 8 U.S.C. §§ 1158, 1231(b)(3); 8 C.F.R. § 208.16(c).[1]

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Because the BIA agreed with the IJ's findings as to Bachem's eligibility for asylum, withholding of removal, and relief under CAT and made additional observations, we review both decisions with the exception of the IJ's timeliness ruling, which the BIA reversed. See id.

The IJ's and BIA's factual determinations are reviewed under the substantial evidence test, and "we affirm the [IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a

---

[1] Bachem's brief fails to mention relief under the CAT, so this claim is abandoned. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

whole." Forgue v. U. S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (internal quotations and citations omitted). The substantial evidence test is "deferential" and does not allow "re-weigh[ing] the evidence from scratch." Mazariegos v. U.S. Att'y Gen., 241 F.3d 1320, 1323 (11th Cir. 2001). "To reverse the IJ's fact findings, we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003) (considering withholding-of-removal claim). The fact that evidence in the record may also support a conclusion contrary to the administrative findings is not enough to justify a reversal. Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1236 (11th Cir. 2006). "Credibility determinations likewise are reviewed under the substantial evidence test." D-Muhumed v. U. S. Att'y Gen., 388 F.3d 814, 818 (11th Cir. 2004). "A credibility determination, like any fact finding, may not be overturned unless the record compels it." Forgue, 401 F.3d at 1287 (internal quotations and citations omitted). The IJ must make clean findings of credibility. See Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005).

"The trier of fact must determine credibility, and this court may not substitute its judgment for that of the IJ with respect to credibility findings." D-Muhumed, 388 F.3d at 818. "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence."

3

Forgue, 401 F.3d at 1287 (citations omitted). "[A]n adverse credibility determination alone may be sufficient to support the denial of an asylum application" when there is no other evidence of persecution. Id. However, an adverse credibility determination does not alleviate the IJ's duty to consider other evidence produced by the asylum applicant. Id. "[T]he weaker the applicant's testimony, . . . the greater the need for corroborative evidence." Yang, 418 F.3d at 1201. We may not reverse an IJ's determination that corroborative evidence was available unless we find it is compelled to do so. INA § 242(b)(4), 8 U.S.C. § 1252(b)(4).

On appeal, Bachem first argues that it was improper for the IJ to base an adverse credibility finding on his testimony that Walter Bower was still the Paraguayan Minister of the Interior. Bachem maintains that he had gained knowledge of the government corruption while Bower was in office, and since Bower was a high ranking official in Paraguay where charges against such officials rarely result in any meaningful sanction, Bachem will be in danger if returned to Paraguay.

The IJ's adverse credibility finding is supported by substantial evidence. At his asylum hearing, Bachem testified that Walter Bower was still the Minister of the Interior. During cross-examination, Bachem admitted that before he left Paraguay, Bower had been removed as Minister of the Interior. When confronted

4

with his previous testimony, Bachem explained that he had said Bower was still in office "[b]ecause I thought they were going to ask me the name of the actual minister and I don't know it." According to the 2001 country report on Paraguay, Bower was removed in October 2000, about nine months before Bachem arrived in the United States. Thus, the IJ's credibility finding on this point was specific, and it was cogent because Bachem's claim relied heavily on fear of government reprisal for objecting to corruption. Further, the IJ's observation that it was incredible that Bachem would continue dangerous police work when he could live comfortably as an architect was supported and reasonable and also related to Bachem's reprisal claims. The IJ and BIA did not consider the adverse credibility finding dispositive, so the analysis continues.

Bachem also argues that based on the record as a whole, he should be granted asylum. He testified that he obtained "sensitive and potentially damaging information" about his superiors. Based on his actions, his superiors no longer considered him trustworthy, and after his visible participation in an anti-corruption march, which was publicized by the Paraguayan press, his superiors decided to get rid of him lest he expose the corruption.

An alien who arrives in or is present in the United States may apply for asylum. INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General or Secretary of the DHS has discretion to grant asylum if the alien meets the INA's

5

definition of a "refugee."  INA § 208(b)(1), 8 U.S.C. § 1158(b)(1).  A "refugee" is

defined in the INA as

> any person who is outside any country of such person's nationality . . .
> and who is unable or unwilling to return to, and is unable or unwilling
> to avail himself or herself of the protection of, that country because of
> persecution or a well-founded fear of persecution on account of race,
> religion, nationality, membership in a particular social group, or
> political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A).  The asylum applicant carries the

burden of proving statutory "refugee" status.  Al Najjar, 257 F.3d at 1284.  To

establish asylum eligibility, the alien must, with specific and credible evidence,

establish (1) past persecution on account of a statutorily listed factor, or (2) a

"well-founded fear" that the statutorily listed factor will cause such future

persecution.  8 C.F.R. § 208.13(a), (b); see Al Najjar, 257 F.3d at 1287.

"Demonstrating such a connection requires the alien to present specific, detailed

facts showing a good reason to fear that he or she will be singled out for

persecution on account of [a statutory factor]."  Al Najjar, 257 F.3d at 1287

(internal quotations and citation omitted) (emphasis in original).

We recognize that "'persecution' is an 'extreme concept,' requiring 'more

than a few isolated incidents of verbal harassment or intimidation,' and that

'[m]ere harassment does not amount to persecution.'"  Sepulveda v. U.S. Atty.

Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (citation omitted).  In Sepulveda, we

6

held that menacing telephone calls and threats to the alien, her family members, and colleagues did not rise to the level of past persecution.  Id.

If the alien establishes past persecution, it is presumed that his life or freedom would be threatened upon a return to that country, unless the government shows by a preponderance that the country's conditions have changed such that the applicant's life or freedom would no longer be threatened upon his removal or that the alien could relocate within the country, and it would be reasonable to expect him to do so.  8 C.F.R. § 208.13(b).  An alien who has not shown past persecution may still be entitled to asylum if he can demonstrate a future threat in his country to his life or freedom on a protected ground.  8 C.F.R. § 208.13(b)(2).  To establish a well-founded fear, "an applicant must demonstrate that his or her fear of persecution is subjectively genuine and objectively reasonable."  Al Najjar, 257 F.3d at 1289.  However, if the IJ finds that the alien could avoid a future threat by relocating to another part of his country, and it would be reasonable to require the alien to do so, he cannot demonstrate a well-founded fear of persecution.  See 8 C.F.R. § 208.13(b)(1)-(2).

A "well-founded fear" of persecution may be established by showing (1) past persecution that creates a presumption of a "well-founded fear" of future persecution, (2) a reasonable probability of personal persecution that cannot be avoided by relocating within the subject country, or (3) a pattern or practice in the

7

subject country of persecuting members of a statutorily defined group of which Bachem is a part. 8 C.F.R. § 208.13(b)(1) & (2).

To qualify for withholding of removal under the INA, an alien must show that his or her life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). The evidentiary burden for withholding of removal is greater than that imposed for asylum, accordingly, if an alien has not met the well-founded fear standard for asylum, he generally cannot meet the standard for withholding of removal. Al Najjar, 257 F.3d at 1292-93.

Substantial evidence supports the IJ's and BIA's finding that Bachem did not suffer past persecution because he was never arrested, beaten, or physically tortured, and the verbal threats did not constitute persecution. From January 2000, when Bachem was transferred to a new department, until June 2001, he did not have any major problems. Geraldo testified that the oldest daughter remained in the same school, without incident, from the time Bachem left Paraguay until her departure five months later.

Substantial evidence also supports the BIA's and IJ's conclusion that Bachem did not establish a well-founded fear of future persecution. Bowers, the official whom Bachem fears, was removed from office in October 2000, stripped of his Congressional immunity, and had charges pending against him at the end of

8

2001.  Bachem admitted that he could have left the police force to make a very comfortable living as an architect.  When asked why he did not just quit the police force to solve his problems, Bachem alluded to a desire to become head of a police station or head of the local police, and he noted that police officers receive a guaranteed retirement after 18 years of service.  Bachem never went to the media to expose the corruption in the police force, and after leaving Paraguay, his wife and children were not harmed while his oldest daughter remained in the same school.  Because substantial evidence supports the IJ's and BIA's conclusion that Bachem was not eligible for asylum, his withholding of removal fails as well.

Finally, Bachem argues that the IJ abused his discretion by not allowing him to present his asylum claim in sufficient detail.  He argues that the constant interruptions by the judge forced him to omit details that would have bolstered his credibility and thus denied him the right to a fair hearing.  He asserts also that the IJ abused his discretion in considering his personal knowledge of Miami and local attorneys in his decision.

Review of constitutional challenges is de novo.  Lonyem v. U.S. Att'y Gen., 352 F.3d 1338, 1341 (11th Cir. 2003).  Aliens present in the United States are entitled to due process under the Fifth Amendment of the Constitution.  Fernandez-Bernal v. Att'y Gen., 257 F.3d 1304, 1311 (11th Cir. 2001).  "In order to establish a due process violation, an alien must show that he or she was deprived

9

of liberty without due process of law, and that the asserted error caused him substantial prejudice." Garcia v. Att'y Gen., 329 F.3d 1217, 1222 (11th Cir. 2003) (internal citations omitted). "Due process is satisfied only by a full and fair hearing." Ibrahim v. INS, 821 F.2d 1547, 1550 (11th Cir. 1987). Due process requires that all aliens be given notice and an opportunity to be heard in their deportation proceedings. Fernandez-Bernal, 257 F.3d at 1310 n.8.

The INA provides that the IJ "shall . . . interrogate, examine, and cross-examine the alien and any witnesses," and "the alien shall have a reasonable opportunity to examine the evidence against the alien, to present evidence on the alien's own behalf, and to cross-examine witnesses presented by the Government." INA § 240(b)(1), (4)(B), 8 U.S.C. § 1229a(b)(1), (b)(4)(B). Other Circuits have concluded that "[t]he Immigration Judge has broad discretion to control the manner of interrogation in order to ascertain the truth." Iliev v. INS, 127 F.3d 638, 642 (7th Cir. 1997).

The BIA's conclusion that the IJ did not deny Bachem due process by forcing him to focus his testimony on his mistreatment was correct. Bachem had time to describe his treatment in Paraguay and address all the situations he described in his asylum application. The IJ essentially prompted Bachem to focus his testimony on the dates when something happened to him and told him to omit unnecessary details. Additionally, the IJ gave Bachem the opportunity to address

10

instances where his testimony conflicted with other evidence. Requiring that Bachem omit lengthy testimony about his co-workers, background, and history of Paraguay did not violate Bachem's right to due process.

As a final note, the IJ improperly used personal knowledge about Miami and a local attorney to assess Bachem's credibility. While Bachem did not have the opportunity to confront these assumptions, their inclusion in the IJ's decision did not rise to the level of a due process violation. First, the improper finding related to the timeliness of the application, and the BIA reversed the IJ on this point. Second, it appears that Bachem's credibility was compromised by his other inconsistent or unbelievable testimony, as shown above.

**PETITION DENIED.**