Mohamed A. IBRAHIM,
Petitioner-Appellant,

v.

U.S. IMMIGRATION AND NATURALIZATION SERVICE,
Respondent-Appellee.

No. 86–8636
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

July 20, 1987.

Mohamed A. Ibrahim, pro se.

Linda B. Adams, Robert Kendall, Jr., Office of Immigration Litigation, Dept. of Justice, Washington, D.C., for respondent-appellee.

Before TJOFLAT, HATCHETT and CLARK, Circuit Judges.

HATCHETT, Circuit Judge:

In this case, we review the denial of discretionary relief incident to deportation proceedings and review administrative discretion to determine whether the exercise of that discretion has been arbitrary or capricious. We affirm.

## FACTS

Mohamed Ibrahim, appellant, an Egyptian citizen, came to the United States in 1981 as an exchange visitor on an AID fellowship program and was authorized to remain until August 9, 1982. His term of residency was extended to October 15, 1982. While in the United States, the Egyptian Project, the subsidy for his training, was terminated.

On August 20, 1982, Ibrahim married a United States citizen and thereafter secured employment as a textile chemist in Georgia. He then applied for status as a permanent resident and was granted voluntary departure until November 24, 1984.

On October 13, 1982, Ibrahim sought a waiver of the foreign residence requirement of the Immigration and Nationality Act (the Act) 8 U.S.C. § 1182.[1] On September 24, 1984, the district director of the Immigration and Naturalization Service of the Justice Department denied Ibrahim's application for a section 212(e) waiver and required Ibrahim to leave the United States. He was informed that no appeal was possible from this decision.

Ibrahim did not leave, and deportation proceedings commenced with the issuance of an Order to Show Cause.[2] On October 17, 1985, at a deportation hearing, Ibrahim admitted the truth of the allegations in the Order to Show Cause sufficient to allow deportation and conceded the charge of deportability. The immigration judge continued the deportation proceedings, however, so that Ibrahim could seek reconsideration of his application for a section 212(e) waiver.

Ibrahim failed to appear at his rescheduled deportation hearing on May 7, 1986. He had not yet sought reconsideration of his section 212(e) waiver. Although Ibrahim did not attend his deportation hearing on May 7, 1986, the immigration judge ordered Ibrahim deported. Ibrahim did not appeal this decision; instead, he requested that the matter be reopened, claiming that he had not received notice of the hearing until after the scheduled date. On May 19, 1986, the immigration judge granted Ibrahim's request to reopen the deportation proceedings to the extent of granting him the privilege of voluntary departure. Ibrahim's request to reopen was otherwise denied because the immigration judge found that Ibrahim was not eligible for further relief.

1. The foreign residence requirement of the Immigration and Nationality Act mandates that exchange students and others admitted to study in the United States on a government financed program must return to their own country and reside there for at least two years before applying for immigrant or non-resident visas. 8 U.S.C. § 1182(e). This requirement may be waived if such a return could cause hardship on legally resident spouses or children or if the person would be persecuted due to race, religion, or political opinion. This provision is known as a Section 212(e) waiver, 8 U.S.C. § 1182(e).

2. The Immigration and Naturalization Service (INS) alleged in its Order to Show Cause: (1) that Ibrahim was a native and citizen of Egypt; (2) that he entered the United States at New York, New York on or about September 16, 1981; (3) that he was then admitted as an exchange visitor until August 9, 1982, which time was extended until October 15, 1982; (4) that he was subsequently granted voluntary departure until November 24, 1984; (5) that he remained in the United States beyond November 24, 1984, without permission of the INS. Accordingly, petitioner was charged with being deportable pursuant to § 241(a)(2) of the Act, 8 U.S.C. § 1251(a)(2) because he remained in this country for a longer time than permitted.

On May 29, 1986, Ibrahim filed an appeal of the immigration judge's decision of May 19, 1986, with the Board of Immigration Appeals (BIA). Because Ibrahim had failed to secure the section 212(e) waiver, the immigration judge found that he had no jurisdiction to grant Ibrahim any relief beyond voluntary departure. On July 24, 1986, the BIA affirmed the immigration judge's decision of May 19, 1986, dismissed Ibrahim's appeal, and ordered him to leave the United States within thirty days. On August 22, 1986, Ibrahim filed in this court a petition for review of the BIA's dismissal.

## DISCUSSION

Ibrahim's petition to this court makes a general plea for reconsideration. He petitions this court to review the denial of the section 212(e) waiver and to review the BIA's decision affirming the immigration judge's denial of his motion to reopen the deportation proceedings.

### Denial of the Section 212(e) Waiver

■ The government contends that this court is without jurisdiction to review the administrative order denying the section 212(e) waiver. We agree. Denial of the section 212(e) waiver is an action separate and distinct from the deportation proceedings; thus, this court is without jurisdiction to review such a denial. *Cheng Fan Kwok v. INS*, 392 U.S. 206, 216, 88 S.Ct. 1970, 1976, 20 L.Ed.2d 1037, 1044 (1968). In *Cheng Fan Kwok v. INS*, the Supreme Court held that the judicial review provisions of section 106, 8 U.S.C. § 1105a, include only those determinations made during a proceeding conducted under section 242(b), 8 U.S.C. § 1252(b).[3] Therefore, we

have no jurisdiction to review the administrative order.

### Denial of the Motion to Reopen Deportation Proceedings

■ Ibrahim also petitions this court to review the BIA's decision affirming the immigration judge's denial of his motion to reopen the deportation proceedings. This court does have jurisdiction to review the BIA's decision. *Ka Fung Chan v. INS*, 634 F.2d 248, 252 (5th Cir.1981). Our review is limited to determining whether the denial of Ibrahim's motion to reopen was an abuse of discretion. *Ka Fung Chan v. INS*, 634 F.2d at 252. Thus, we review only for an abuse of discretion by the immigration judge.

The government contends that the immigration judge acted properly in denying Ibrahim's motion and that the immigration judge's exercise of discretion was not arbitrary or capricious. *Crespo-Gomez v. Richard*, 780 F.2d 932, 934 (11th Cir.1986).

When Ibrahim appeared at his deportation hearing, he admitted the truth of the allegations asserted in the Order to Show Cause and conceded the charge of deportability. The immigration judge could have ordered him deported at that time, but in a generous exercise of his discretion, the judge continued the proceedings to allow Ibrahim to seek reconsideration of his application for the section 212(e) waiver. Another deportation hearing was scheduled for May 7, 1986, to give Ibrahim sufficient time to contact the Secretary of State regarding his request for reconsideration. Ibrahim failed to appeal at that hearing. When the immigration judge considered Ibrahim's motion to reopen because he had been ordered deported, while absent from

---

**3.** This circuit recognized its lack of jurisdiction to review denials of waiver requests under section 212(e) in *Samala v. INS*, 336 F.2d 7 (5th Cir.1964). The court stated that

[t]he special inquiry officer, who is empowered to conduct deportation hearings, has no jurisdiction to pass upon section 212(e) requests although we realize that the result of the application for a waiver affects the deportation order in the sense that a grant of a waiver by the attorney general, coupled with the issuance of an immigrant visa, would ren-

der petitioner invulnerable to deportation, the denial of a waiver in this case is really separate and distinct from a deportation proceeding.... We are aware of the Congressional policy evidenced by section 106(a) of thwarting dilatory tactics in deportation matters, but we do not regard the language of section 106(a) as manifesting a Congressional intent to create exclusive jurisdiction in the courts of appeals to review all denials of waiver requests under section 212(e).

*Samala v. INS*, 336 F.2d at 13.

the hearing, the judge found that Ibrahim had not contacted the Secretary of State to pursue reconsideration.

■ Ibrahim's petition contains an implicit claim that he was denied due process of law by the order deporting him while absent from the hearing. Aliens are entitled to due process of law in deportation hearings. Due process is satisfied only by a full and fair hearing. *Wong Yang Sung v. McGrath*, 339 U.S. 33, 49–51, 70 S.Ct. 445, 453–54, 94 L.Ed. 616 (1950). To prevail, however, on a due process challenge to a deportation proceeding, an alien must show substantial prejudice. *Ka Fung Chan v. INS*, 634 F.2d 248, 258 (5th Cir. 1981). Ibrahim has failed to demonstrate substantial prejudice. Because the only relief for which he was eligible was voluntary departure, he must establish that had he been present at the May 7, 1986 deportation hearing, the outcome would have been different. He has not shown that his case was prejudiced by the ruling made in his absence. Without the necessary showing of substantial prejudice, Ibrahim's challenge to the fairness of the proceeding fails. The fact that he was ordered deported while absent from the hearing does not constitute a denial of due process.

The immigration judge did not abuse his discretion by denying the motion to reopen; and the BIA properly affirmed the ruling of the immigration judge. For the foregoing reasons, we affirm the decision of the BIA.

AFFIRMED.