7 F.3d 235
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Anna Bruneau SESLER, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 93-3401.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1993.
 
 Before: KEITH, NELSON and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Anna Bruneau Sesler, a pro se federal prisoner, moves for pauper status and petitions for review of an order of the Board of Immigration Appeals denying her application for a waiver of deportation pursuant to Section 212(c) of the Immigration and Naturalization Act, 8 U.S.C. § 1182(c). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Sesler, a native of Haiti, is presently serving a five year sentence pursuant to her guilty plea to a charge of possession of cocaine base. Deportation proceedings were commenced against her on the ground of her conviction of an aggravated felony and a controlled substance violation. She conceded deportability but applied for a waiver under 8 U.S.C. § 1182(c). A hearing was held before an Immigration Judge who determined that she was not entitled to relief. On appeal, the Board of Immigration Appeals adopted the reasoning of the Immigration Judge and affirmed. In her brief to this court, Sesler argues that: 1) she was denied her Sixth Amendment right to counsel when communications with her attorney were monitored by prison authorities, 2) her illiteracy and minimal English skills hindered the presentation of her case, and 3) her application was wrongly decided on the merits, particularly because insufficient consideration was given to her marriage to an American citizen.
 
 
 3
 Upon review, we find no abuse of discretion by the Board of Immigration Appeals in finding that Sesler did not have outstanding equities sufficient to outweigh the seriousness of her conviction and in denying her application for a waiver of deportation. See Vargas v. United States Dep't of Immigration and Naturalization, 831 F.2d 906, 908 (9th Cir.1987). There is no Sixth Amendment right to counsel in civil deportation proceedings. See Lozada v. INS, 857 F.2d 10, 13 (1st Cir.1988). Sesler has also not shown a denial of due process due to the monitoring of her communications with her attorney or due to her language difficulties, as she has not alleged what further pertinent information she would have presented absent these problems. See Ibrahim v. United States INS, 821 F.2d 1547, 1550 (11th Cir.1987). The only specific information she alleges is that she did not understand the concept of "inspection." She now alleges that she was inspected upon her original entry into the country. The allegation of lack of inspection was not a dispositive factor in denying her request for relief, however. In fact, the Immigration Judge stated that her lengthy legal status in the United States was a factor in her favor. Therefore, she has not shown that the outcome of the proceedings would have been different in the absence of the above alleged infirmities. See id. Finally, the Immigration Judge and Board of Immigration Appeals did not abuse their discretion in according little weight to Sesler's marriage to an American citizen, as she admitted that they have been separated since 1988. See Charlesworth v. United States INS, 966 F.2d 1323, 1325 (9th Cir.1992).
 
 
 4
 Accordingly, the motion for pauper status is granted, and the order of the Board of Immigration Appeals is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.