[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 19, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13943
Non-Argument Calendar

_____

BIA No. A97-200-833

ANDRE HIPPOLYTE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(March 19, 2007)**

Before TJOFLAT, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

Andre Hippolyte ("Hippolyte"), a native and citizen of Haiti, through

counsel, seeks review of the decisions of the Board of Immigration Appeals ("BIA") denying his motion for an extension to file a brief out of time, motion to reconsider, and claim for ineffective assistance of counsel regarding an earlier denial of an application to adjust status under the Haitian Refugee Immigration Fairness Act ("HRIFA"), Pub. L. No. 105-277, § 902, 112 Stat. 2681-538; *see also* 8 C.F.R. § 245.15.

On appeal, Hippolyte argues that (1) the BIA denied him due process of law when it did not act upon his motion for an extension to file a brief out of time and extend the period for filing his brief, (2) the briefing schedule was subject to equitable tolling to prevent injustice, and (3) he was denied effective assistance of counsel, which substantially and directly prejudiced his request for HRIFA relief. In addition, Hippolyte argues that (4) the BIA erred as a matter of law in denying his motion to reconsider because he was eligible for an adjustment of status under HRIFA. We lack jurisdiction to consider Hippolyte's first three arguments; therefore, we dismiss his petition in part. After careful review of the briefs and the record on appeal, we find with respect to Hippolyte's fourth and final argument that the BIA did not abuse its discretion when it denied his motion for reconsideration. Consequently, we deny his petition in part.

## BACKGROUND

Hippolyte's former counsel, Troy Harris ("Harris") failed to timely file

2

required documentation, which resulted in the dismissal of Hippolyte's HRIFA application. Through his present counsel, William Pryor ("Pryor"), Hippolyte appealed the decision of the Immigration Judge ("IJ") that ordered his removal to Haiti. The BIA received Hippolyte's notice of appeal on April 6, 2005.

Hippolyte's new attorney waited until October 13, 2005, when he received the hearing transcript, to begin perfecting his *Lozada*[1] claim for ineffective assistance of counsel. The briefing schedule set November 3, 2005 as the deadline for Hippoyte to submit his brief to the BIA. On October 31, 2005, Pryor filed a request with the BIA for a sixty-day extension of the briefing schedule.[2] The request stated only that counsel had waited for the transcript to determine if an ineffective assistance of counsel claim was appropriate, had determined that such a claim was appropriate, and needed additional time to comply with the BIA's procedural requirements. The BIA did not grant the request for an extension.

The BIA received Hippolyte's appeal brief on December 2, 2005, twenty-nine days after the due date. The BIA rejected the brief as untimely and instructed Hippolyte's counsel to re-submit the original brief along with a motion to accept late filing. On December 27, 2005, the BIA received the motion to accept the late-

---

[1] *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988) (setting forth the procedural requirements to establish a claim of ineffective assistance of counsel).

[2] Interestingly, the briefing schedule itself stated that the BIA had a policy to allow only one extension of up to twenty-one days.

filed brief, in which Pryor stated that he could not have complied with the *Lozada* requirements by November 3, 2005, based on the October 13, 2005 receipt of the transcript. On January 12, 2006, the BIA denied the motion explaining that the stated reasons for submitting an untimely brief were insufficient.

The BIA dismissed Hippolyte's appeal on April 28, 2006. Hippolyte did not seek judicial review of this decision. Instead, he filed a motion for reconsideration on May 25, 2006, in which he reiterated the merits of his ineffective assistance of counsel claim. He argued that the BIA's "failure to address the 'Lozada' issues merits reconsideration of this appeal's denial." On June 26, 2006, the BIA denied the motion to reconsider. Hippolyte timely filed a petition for judicial review of the BIA's denial of reconsideration and moved for a stay of removal. On August 18, 2006, this Court denied the motion for stay.

## DISCUSSION

### *Subject Matter Jurisdiction*

We must "inquire into our own jurisdiction whenever it may be lacking." *Alexis v. U.S. Att'y Gen.*, 431 F.3d 1291, 1293 (11th Cir. 2005). "Moreover, we determine subject matter jurisdiction *de novo*." *Id.*

As a general matter, the Haitian Refugee Immigration Fairness Act of 1998 "enumerates various conditions under which an alien who is a national of Haiti may apply to have his or her status adjusted to that of an alien lawfully admitted to

4

this country for permanent residence." *Id.* Because Hippolyte was married to Karlyne Abel Hippolyte, who was granted permanent resident status under HRIFA, Hippolyte sought an adjustment of status as her dependent. However, "[a] determination by the Attorney General as to whether the status of any alien should be adjusted under this section is final and shall not be subject to review by any court." HRIFA § 902(f); *see also* 8 C.F.R. § 245.15(v). Because decisions by an IJ or the BIA denying relief under HRIFA are final and not subject to review by any court, we do not have jurisdiction to review any claim by Hippolyte relating to the denial of relief under HRIFA. *See Alexis*, 431 F.3d at 1293-1294.

To the extent that the BIA issues a ruling which we may review on appeal, a petition for review must be filed within 30 days after the date of the final order. 8 U.S.C. § 1252(b)(1). A motion to reconsider does not toll this 30-day period. *See Jaggernauth v. U.S. Att'y Gen.*, 432 F.3d 1346, 1350 (11th Cir. 2005) (per curiam) (citing *Stone v. INS*, 514 U.S. 386, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995)). Because Hippolyte's petition for review was filed on July 20, 2006, his petition is timely as to the BIA's denial of his motion to reconsider on June 26. Nevertheless, it is not timely as to the BIA's April 28 order denying his request for adjustment of status under HRIFA and dismissing his appeal.

In addition, even assuming that a right to judicial review of the BIA's April 28 decision existed, "'[a] court may review a final order of removal only if . . . the

alien has exhausted all administrative remedies available to the alien as of right.'"

*Sundar v. INS*, 328 F.3d 1320, 1323 (11th Cir. 2003) (quoting 8 U.S.C.

§ 1252(d)(1)). The exhaustion requirement affords the BIA "the opportunity to

discover and correct [its] own error." *Id.* at 1325 (alteration in original; internal

quotation marks omitted). "We have interpreted that requirement to be

jurisdictional, so we lack jurisdiction to consider claims that have not been raised

before the BIA." *Id.* at 1323.

Constitutional challenges and some due process claims do not require

exhaustion because the BIA does not have the authority to adjudicate those claims.

*Id.* at 1325. However, where the BIA can provide a remedy to the constitutional

claim, "the exhaustion requirement applies with full force." *Id.* (holding that an

alien should have exhausted his due process claim that the IJ's and BIA's

application of an immigration statute violated the Constitution, because "[i]t was

within the BIA's authority to reconsider and change its decision"). "Due process is

satisfied only by a full and fair hearing." *Ibrahim v. INS*, 821 F.2d 1547, 1550

(11th Cir. 1987). The INA provides that "the alien shall have a reasonable

opportunity . . . to present evidence on the alien's own behalf . . . ." INA §

240(b)(4)(B), 8 U.S.C. § 1229a(b)(4)(B).

To the extent that Hippolyte is appealing the BIA's denial of due process of

law by failing to respond to his motion for an extension to file a brief out of time

and extend the period for filing his brief, he must have administratively exhausted his remedies. Hippolyte's due process challenge is procedural in nature as he is complaining about the IJ's handling of his motion and arguing that the BIA could have provided a remedy. Thus, the exhaustion requirement applies to Hippolyte's due process claim. *See Sundar*, 328 F.3d at 1325. As the government correctly notes, however, Hippolyte did not mention his due process claim in his motion for reconsideration, and, therefore, he failed to exhaust his administrative remedies as to his due process claim. Likewise, because Hippolyte failed to mention his claim that the briefing schedule was entitled to equitable tolling in his motion for reconsideration, he failed to exhaust the administrative remedies available to him with regard to his equitable tolling claim as well. Moreover, as noted above, because Hippolyte failed to timely file a petition for review from the BIA's April 28 order, we lack jurisdiction as to these matters. *See Jaggernauth*, 432 F.3d at 1350.

Furthermore, because Hippolyte did not timely file a brief before the BIA, he did not properly raise a *Lozada* claim for ineffective assistance of counsel, and the BIA did not address that issue in denying his appeal. Therefore, Hippolyte did not exhaust his administrative remedies with respect to a claim for ineffective assistance of counsel, and, consequently, we lack jurisdiction to consider that issue here. *See Sundar*, 328 F.3d at 1323. For these reasons, we dismiss his petition in

7

this respect.

Nonetheless, we do have jurisdiction to consider whether the district court abused its discretion in denying Hippolyte's motion to reconsider because the petition for review is timely as to that order. *See* 8 U.S.C. § 1252(b)(1).

### *Motion to Reconsider*

The decision to grant or deny a motion for reconsideration is entirely within the discretion of the BIA. 8 C.F.R. § 1003.2(a). Consequently, we review the BIA's denial of a motion to reconsider for abuse of discretion. *Assa'ad v. U.S. Att'y Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003). The BIA abuses its discretion when it reaches its decision "in an arbitrary or irrational manner." *Gomez-Gomez v. INS*, 681 F.2d 1347, 1349 (11th Cir. 1982).

"A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1). In his motion for reconsideration, Hippolyte argued that the BIA failed to consider his *Lozada* claim for ineffective assistance of counsel in its April 28 decision. Hippolyte, however, did not address whether the BIA erred as a matter of fact or law in not addressing such claim in its order.[3] As the BIA explained in its decision, the ineffective assistance claim was

---

[3] For example, Hippolyte did not argue that the BIA applied the wrong procedural requirements when it did not grant his motion for an extension to file a late brief on appeal.

8

never properly before it. The only reference in the record before the BIA with respect to a possible ineffective assistance of counsel claim was in Hippolyte's notice of appeal and his October 27, 2005 letter requesting a sixty-day extension to file a brief in support of the appeal. Hippolyte, however, did not raise any arguments regarding a *Lozada* claim in either of these documents. For these reasons, the BIA did not act in an arbitrary or irrational manner when it denied Hippolyte's motion to reconsider.

## CONCLUSION

Due to our lack of subject matter jurisdiction concerning Hippolyte's other arguments, the only action we review on this petition is the BIA's denial of Hippolyte's motion to reconsider. While it may be true that the performance of Hippolyte's former counsel was incompetent and prejudicial, the merits of Hippolyte's ineffective assistance of counsel claim were never properly before the Board because it did not accept Hippolyte's untimely brief. It may also be true that the BIA's briefing schedule was unrealistic because it did not provide adequate time to conform with the Board's mandated procedures for *Lozada* claims, but this argument was not raised in Hippolyte's motion to reconsider, and therefore, we may not evaluate it.[4]

---

[4] The BIA addressed this argument *sua sponte* when it denied Hippolyte's motion to reconsider stating that Hippolyte never articulated "why he would require the transcript of the hearing before he could determine if a *Lozada* claim was presented." In other words, Hippolyte

Unfortunately for Mr. Hippolyte and his family, the failure of two different attorneys to meet important deadlines resulted in his removal. However, in light of the BIA's reasoned order and the absolute discretion the Board has to grant or deny a motion to reconsider, we cannot say that the BIA acted in an arbitrary or irrational manner. Constrained by a deferential standard of review, we conclude that the BIA did not abuse its discretion in denying Hippolyte's motion to reconsider.

**PETITION DISMISSED IN PART, DENIED IN PART.**

---

did not convince the BIA that he should have been excused from the briefing schedule.