[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15392
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 29, 2011
JOHN LEY
CLERK

Agency No. A088-920-021

HECTOR GUADALUPE RAMOS GONZALES,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 29, 2011)

Before BARKETT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Hector Ramos Gonzales appeals the Board of Immigration Appeals's

("BIA") denial of his motion to reopen removal proceedings to allow him to seek

relief under the Convention Against Torture ("CAT") on the grounds that he failed to establish a prima facie case of eligibility for protection under the CAT, and that he failed to submit an application for protection under the CAT. Gonzales argues that he did establish a prima facie case that he was eligible for CAT relief, such that his motion to reopen should have been granted, and that the BIA violated his due process rights by denying his motion to reopen in part based on his failure to submit an application for CAT relief.[1]

To obtain CAT relief, which consists of the mandatory remedy of withholding of removal, "[t]he burden of proof is on the applicant ... to establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2) (2001). "Torture" is defined as:

> [A]ny act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by

---

[1] We have jurisdiction to review the denial of a motion to reopen. Kucana v. Holder, ___ U.S. ___, 130 S.Ct. 827, 840 (2010). "[W]e employ a very deferential abuse of discretion standard in reviewing the BIA's decision on a motion to reopen regardless of the underlying basis of the alien's request for relief. Najjar v. Ashcroft, 257 F.3d 1262, 1302 (11th Cir. 2001).

2

or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

Id. § 208.18(a)(1) (2001). Acquiescence "requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." Id. § 208.18(a)(7).

Here, we conclude that the BIA did not abuse its discretion in finding that Gonzales did not establish that he would "more likely than not" be tortured in Mexico. In his motion to reopen, he merely asserted that he feared for his safety because of the high rate of drug-trafficking violence in Mexico, and offered no evidence specifically linking him to such violence. This general fear is insufficient to establish that he would "more likely than not" be tortured. See Najjar v. Ashcroft, 257 F.3d 1262, 1303 (11th Cir. 2001). Moreover, even if Gonzales had established that he would likely be tortured if removed to Mexico, he did not establish that such torture would be inflicted by or with the acquiescence of a public official. Rather, Gonzales's evidence indicated that the Mexican government had engaged in an extensive effort to combat drug-trafficking organizations through measures such as deploying military troops throughout Mexico. Thus, regardless of whether the government has been

3

"entirely successful" in eradicating drug-trafficking violence, Gonzales's evidence shows that it is actively working against this violence, not acquiescing in any acts of torture that may occur. See Reyes-Sanchez v. U.S. Att'y Gen., 369 F.3d 1239, 1243 (11th Cir. 2004). Accordingly, the BIA did not abuse its discretion in denying Gonzales's motion to reopen, and this Court should deny his petition.

Because we find no error in the BIA's decision that Gonzales failed to establish a prima facie case of CAT eligibility in his motion to reopen, we need not address Gonzales's claim that the BIA violated his due process rights by also basing its denial of his motion to reopen on the ground that he failed to submit an application for CAT relief. To prevail on a due process claim, an alien must demonstrate "substantial prejudice," which requires a showing that "the outcome would have been different" had the alleged violation not occurred. Ibrahim v. I.N.S., 821 F.2d 1547, 1550 (11th Cir. 1987). Here, even if the BIA erred in denying his motion to reopen on the ground that he failed to submit an application for CAT relief, Gonzales cannot show that this alleged error affected the outcome of the proceeding because the BIA also denied his motion to reopen on the ground that he failed to establish a prima facie case of CAT relief eligibility. Accordingly, Gonzales cannot prevail on his due process claim.

**PETITION DENIED.**