[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12105

Non-Argument Calendar

_____

ROBIUL ISLAM,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A213-165-923

_____

Before WILLIAM PRYOR, Chief Judge, and NEWSOM and ANDERSON, Circuit Judges.

PER CURIAM:

Robiul Islam, a native and citizen of Bangladesh, petitions for review of an order affirming the denial of his applications for asylum and withholding of removal under the Immigration and Nationality Act and for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment. 8 U.S.C. §§ 1158(b), 1231(b)(3). The Board of Immigration Appeals agreed with the immigration judge that Islam was ineligible for asylum and withholding of removal because, even assuming he was credible, he failed to prove that he suffered past persecution or had a well-founded fear of future persecution. The Board also agreed that Islam was not tortured and was unlikely to be tortured if he returned to Bangladesh. We deny the petition.

Because the Board affirmed the decision of the immigration judge, we review both their decisions. *Jathursan v. U.S. Att'y Gen.*, 17 F.4th 1365, 1372 (11th Cir. 2021). Our review of the decision is "limited" by "the highly deferential substantial evidence test," under which "we must affirm if the decision of the Immigration Judge is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1237 (11th Cir. 2006) (internal quotation marks omitted). Under the substantial evidence test, we view the evidence in the light most favorable to the decision of the immigration judge and draw

all reasonable inferences in favor of that decision. *Id.* at 1236. We can reverse "only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

Substantial evidence supports the finding that Islam did not suffer past persecution. Islam testified that in January 2017, he joined the Liberal Democratic Party and participated by distributing food, helping students in need, attending meetings, and voting for the party. Islam testified that in July 2018, five or six members of the Awami League political party attacked him in the street, but his attackers fled after a bystander heard him scream. Islam testified that he stayed in the hospital for three days due to scrapes on his legs and a lump on his head, and a one-page medical document recorded bleeding and swelling in unspecified parts of his body and treatment consisting of antiseptic lotion, antibiotics, and medication for inflammation and excess stomach acid. Although Islam testified that his attackers threatened to kill him if he did not leave his political party, he had no negative encounters with them over the next six months. Islam also testified that in December 2018, members of the Awami League attacked a Liberal Democratic Party rally that he and over 100 other people were attending, which resulted in him being trampled and fainting after being hit on the head with a hockey stick. He testified that he stayed in the hospital for seven days, and a one-page medical document recorded that he received an antibiotic for his conditions of bruises and swelling.

Considered cumulatively, these two isolated and brief incidents do not amount to persecution. "[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Gonzalez v. Reno*, 212 F.3d 1338, 1355 (11th Cir. 2000). Even verbal threats "in conjunction with [a] minor beating" do not compel a finding that an alien has suffered persecution. *Djonda v. U.S. Att'y Gen.*, 514 F.3d 1168, 1174 (11th Cir. 2008) (holding that no persecution occurred when officers beat an alien with a belt and kicked him, which caused lacerations and bruising that required medical treatment); *see also Martinez v. U.S. Att'y Gen.*, 992 F.3d 1283, 1291 (11th Cir. 2021) (insufficient evidence of past persecution when an alien was beaten by two plain-clothes officers that rendered him briefly unconscious and required his mother to stitch closed a cut on his head, was threatened with imprisonment and torture by Cuban officials and by the head of a group of Cuban government informants, and fired from three jobs as a waiter after government officials threatened the business owners).

Islam challenges the alternative determination by the immigration judge that he was not credible, but because the Board did not adopt the immigration judge's alternative adverse-credibility finding and instead assumed that Islam was credible, he was not prejudiced by the immigration judge's adverse-credibility determination. *See Ibrahim v. I.N.S.*, 821 F.2d 1547, 1550 (11th Cir. 1987).

Substantial evidence also supports the finding that Islam did not establish a well-founded fear of future persecution because internal relocation in Bangladesh was reasonable. *See* 8 C.F.R.

23-12105                Opinion of the Court                5

§ 1208.13(b)(2)(ii) ("An applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality . . . ."); *id.* § 1208.16(b)(2), (3). "When the applicant does not establish past persecution, he 'bear[s] the burden of establishing that it would not be reasonable for him . . . to relocate, unless the persecutor is a government or is government-sponsored.'" *Farah v. U.S. Att'y Gen.*, 12 F.4th 1312, 1330 (11th Cir. 2021) (quoting 8 C.F.R. § 1208.16(b)(3)(i)) (alterations in original). Islam failed to establish either past persecution on the basis of being a member of the Liberal Democratic Party or that the Awami League is a government or government-sponsored actor, so we "presume that internal relocation would be reasonable, unless [he] establishes otherwise by a preponderance of the evidence." *Id.*; *see* 8 C.F.R. § 1208.16(b). Islam acknowledged that other areas of the country contain more members of his political party, he held no leadership position within his party, and during his two years of low-level membership he suffered only one targeted attack by a handful of individuals, all reasonably suggesting that the Awami League would not search the country for him if he returned. For these reasons, the record does not compel a finding that Islam has a well-founded fear of future persecution. And his failure to establish that he is eligible for asylum necessarily defeats his argument that he is eligible for relief under the Convention. *See Martinez v. U.S. Att'y Gen.*, 992 F.3d 1283, 1290 n.2 (11th Cir. 2021).

       We **DENY** the petition for review.