MATTER OF TZIMAS

In DEPORTATION Proceedings

A-15817430

*Decided by Board September 10, 1962*

Respondent, who upon arrival in the United States was destined to join a vessel as a crewman, is ineligible for adjustment of his status under section 245 of the Immigration and Nationality Act, as amended (8 CFR 245.1), despite his admission as an alien in transit under section 101(a)(15)(C) of that Act.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Remained longer.

This is an appeal from the order of the special inquiry officer finding respondent deportable on the ground stated above and denying his application for adjustment of status under section 245 of the Immigration and Nationality Act. Voluntary departure was granted. The appeal will be dismissed.

No issue is taken with the finding of deportability. The special inquiry officer found respondent ineligible for adjustment of status because of his belief that respondent came within the terms of a regulation which states that an alien crewman or an alien coming to the United States to serve on a vessel cannot qualify for the relief. Counsel contends that the regulation is invalid for it enlarges the classes of persons who cannot obtain relief under the express terms of the statute; and he contends that the regulation does not apply in any event because respondent was not admitted to the United States as a crewman or alien destined to join a vessel, but was admitted in transit.

The respondent is a 25-year-old married male, a native and citizen of Greece, who was admitted to the United States on July 12, 1961, upon presentation of a C-1 visa (alien in transit, section 101(a)(15) (C) of the Act, 8 U.S.C. 1101(a)(15)(C)).[1] Respondent was injured; he was permitted to remain in the United States until August 10, 1961. Before the date of his departure, he obtained a divorce from his wife

[1] At oral argument counsel supplied the information that an investigation conducted by him revealed that an individual coming to the United States to take employment on a vessel could have been issued a D-1 (crewman) visa under section 101(a)(15)(D) of the Act, 8 U.S.C. 1101(a)(15)(D).

in Greece; in February 1962 he married a United States citizen. A visa petition filed by respondent's wife was approved on April 12, 1962. Respondent filed an application for adjustment of status under section 245(a) of the Act at his deportation hearing on July 2, 1962.

The agents of the steamship line to which respondent was destined when he entered the United States have furnished the information that respondent's entry was for the purpose of employment as a seaman on a vessel (Ex. 7). The respondent admits that when he came to the United States he had a seaman's book to ship as a crewman and that he came here to reship on a vessel of the line on which he had arrived (pp. 13, 14).

In arriving at the finding of ineligibility, the special inquiry officer relied upon section 245.1 of Title 8 of the Code of Federal Regulations (Supp. 1962) which provides in pertinent part as follows:

An alien who on arrival in the United States was serving in any capacity on board a vessel or aircraft, or was destined to join a vessel or aircraft in the United States to serve in any capacity thereon, or was not admitted or paroled following inspection by an immigration officer is not eligible for the benefits of section 245 of the Act. * * *[2]

The Attorney General is given the power to prescribe the regulations for the enforcement of section 245(a) of the Act. His regulation is binding upon the Board. The regulation excludes from the benefits of section 245(a) of the Act a person coming to the United States to join a vessel on which he is to serve as an alien crewman; respondent is such a person. The appeal must be dismissed.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.

---

[2] For reasons hereinafter set forth no discussion of counsel's contentions will be made; however, so that the contentions may be understood, pertinent portions of the law and regulations will be set forth.

Section 245(a) of the Immigration and Nationality Act (8 U.S.C. 1255(a)) reads as follows:

The status of an alien, other than an alien crewman, who was inspected and admitted or paroled into the United States may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if * * *

The term "crewman" is defined to mean "a person serving in any capacity on board a vessel or aircraft" (section 101(a)(10) of the Act, 8 U.S.C. 1101(a)(10)).

An "alien crewman" is described as follows:

[A]n alien crewman serving in good faith as such in any capacity required for normal operation and service on board a vessel (other than a fishing vessel having its home port or an operating base in the United States) or aircraft, who intends to land temporarily and solely in pursuit of his calling as a crewman and to depart from the United States with the vessel or aircraft on which he arrived or some other vessel or aircraft; (section 101(a)(15)(D), 8 U.S.C. 1101(a)(15)(D)).