MATTER OF SWISSAIR "FLIGHT 164", ET AL.

In Fine Proceedings

BOS-10/11.284

NYC-10/52.2851; 52.2900; 52.2843; & 52.2745

Decided by Board December 13, 1974

The carrier moved to reconsider the dismissal of prior appeals from decisions imposing fines under section 273 of the Immigration and Nationality Act. The motions are denied. The carrier contends that the transit without visa regulations at 8 CFR 212.1(e) were suspended without compliance with the rulemaking provisions of 5 U.S.C. 553. The Service and the Department of State did give notice of suspension by notice published at 37 FR 20176, prior to the dates of arrival of all the passengers herein. The notice made specific reference to the fact of increased terrorist activities and the need for more careful screening of applicants for admission. Since the suspension of the rule involved a foreign affairs function of the United States, the suspension of the regulation was exempt from the notice and comment provisions of the Administrative Procedure Act, and was properly published.

IN RE: Swissair Airlines Aircraft:
"FLIGHT #164", which arrived at Boston, Massachusetts from foreign, on November 6, 1972. Alien passenger involved: Marguerite Mutti;
"FLIGHT #110", which arrived at John F. Kennedy International Airport from foreign, on December 12, 1972. Alien passenger involved: Myong Za So;
"FLIGHT #100", which arrived at John F. Kennedy International Airport from foreign, on December 28, 1972. Alien passenger involved: Marie Louise Balmer;
"FLIGHT #110", which arrived at John F. Kennedy International Airport from foreign, on December 7, 1972. Alien passenger involved: Ana B. Gomez De Casas;
"FLIGHT #100", which arrived at John F. Kennedy International Ariport from foreign, on October 24, 1972. Alien passenger involved: Auribel Sanchez De La Barreda.

BASIS FOR FINE: Act of 1952—Section 273(a) [9 U.S.C. 1323(a)]

ON BEHALF OF CARRIER:
Steven R. Schlam, Esquire
Freeman and Kra
335 Broadway
New York, New York 10013

ON BEHALF OF SERVICE:
Paul C. Vincent
Appellate Trial Attorney

The carrier has moved for reconsideration of five of our orders in which we dismissed the carrier's appeals from decisions by the district

director imposing fines under section 273 of the Immigration and Nationality Act. The motions will be denied.

Counsel contends that the transit without visa regulations, 8 CFR 212.1(e), were suspended without compliance with the rule making provisions of the Administrative Procedure Act, 4 U.S.C. 553.

The order by the Commissioner of Immigration suspending the Service's transit without visa regulations was in conjunction with the suspension of the corresponding Department of State transit without visa regulations, 22 CFR 41.6(e). Notice of both of these actions was published as required by law in 37 Fed. Reg. 20176 (September 27, 1972).[1] The suspension of the transit without visa regulations was grounded on a finding by the Secretary of State, with the concurrence of the Attorney General, that: "The general increased threat of terrorist activities in the United States, together with indications that such activities may be planned during the current sessions of the United Nations General Assembly, have created an emergent situation in which it is necessary to screen more carefully applicants for entry into the United States."

The order suspending 22 CFR 41.6(e) made specific reference to the inapplicability of the Administrative Procedure Act's rule making provisions to regulations involving foreign affairs functions of the United States. See 5 U.S.C. 553(a)(1). The order suspending 8 CFR 212.1(e) made reference to the preceding order suspending 22 CFR 41.6(e).

It is evident that in suspending 8 CFR 212.1(e), the Commissioner was relying upon the joint determination by the Secretary of State and the Attorney General that such action was necessary and was within the foreign affairs exemption from the rule making provisions of the Administrative Procedure Act. This is not the proper forum for review of whether the foreign affairs exemption was properly invoked. Cf. *Matter of Bilbao-Bastida*, 11 I. & N. Dec. 615, 616 (BIA 1966), aff'd, *Bilbao-Bastida v. INS*, 409 F.2d 820 (C.A. 9, 1969), cert. denied, 396 U.S. 802 (1969); *Matter of Tzimas*, 10 I. & N. Dec. 101, 102 (BIA 1962).

Moreover, we note that a federal court has recently held that an order suspending a regulation, defective solely for failure to comply with the notice of proposed rule making provisions of 5 U.S.C. 553, became valid 30 days after it was actually published. *Lewis-Mota v. Secretary of Labor*, 469 F.2d 478, 482 (C.A. 2, 1972). Consequently, even if the regulations in questions were not exempt from the provisions of 5 U.S.C. 553, the suspension would be effective in all of the cases presently before us except "Flight #100" which arrived on October 24, 1972.

Finally, counsel argues that even if the suspension of the transit

---

[1] Suspension was initially authorized until January 1, 1973. This period was subsequently extended until July 1, 1973. 37 Fed. Reg. 28273 (December 22, 1972); 37 Fed. Reg. 28286 (December 22, 1972). However, since all of the violations in question took place prior to January 1, 1973, only the initial suspension is involved here.

without visa regulations was valid, the reimposition of fines under section 273 was invalid, because no notice was given that such fines would be reimposed. We rejected that argument when it was originally made by counsel in *Matter of Swissair "Flight #164,"* 15 I. & N. Dec. 111 (BIA September 24, 1974). We reject it again here. The fact that a violation of the law will be treated as such is not a matter which requires notice by the Service to the carrier.

Our previous orders were correct. The motions for reconsideration will be denied.

**ORDER:** The motions are denied.