NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2091
_____

SHANTI SARUP,
                            Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                                            Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A097-435-749)
Immigration Judge:  Honorable Annie Garcy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 6, 2011
Before:  SCIRICA, FISHER and ALDISERT, Circuit Judges

(Filed : April 13, 2011 )
_____

OPINION OF THE COURT
_____

PER CURIAM

        Shanti Sarup, a native and citizen of India, petitions for review of the order of the

Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") decision

pretermitting his application for adjustment of status because he was barred from such

relief as an alien crewman.  For the reasons discussed below, we will deny the petition.

In 2002, Sarup obtained a "C-1/D" visa from the United States Consulate in Mumbai, India, allowing him entry into the United States as an alien crewman scheduled to join the Merchant Vessel ("M.V.") Tunder King in Philadelphia, Pennsylvania, on March 10, 2002. He was admitted to the United States in Chicago, Illinois, as a "C-1 nonimmigrant in transit" authorized to remain in the country until March 20, 2002. Sarup did not join the M.V. Tunder King; he stayed in the United States well beyond the expiration of his visa. He married a United States citizen in 2003, and applied to the USCIS for an adjustment of status. The USCIS denied Sarup's application in June 2004, finding that he was ineligible to adjust his status under 8 C.F.R. § 245.1(b)(2), based on his entry into the country as a crewman.

In 2007, Sarup was placed in removal proceedings for failing to depart the United States. He conceded removability and re-applied for adjustment of status based on his marriage to a United States citizen. The Department of Homeland Security ("DHS") sought to pretermit Sarup's application, claiming that, as a crewman, he was statutorily barred from obtaining an adjustment of status under INA § 245(c) [8 U.S.C. § 1255(c)], and related regulations. Sarup countered that he was eligible to adjust status because he entered the country as an alien in transit with a C-1 visa, not as a crewman. In 2008, the IJ pretermitted Sarup's application for adjustment of status. The IJ found that the United States Consulate issued Sarup a C-1/D visa, which permitted him to enter the country as a crewman. (Addendum App'x at 2.). The IJ also found that, based on his I-94 entry document, Sarup was admitted to the United States as a C-1 nonimmigrant in immediate

2

and continuous transit through the country. (Id. at 2-3.) Relying on Matter of Campton, 13 I. & N. Dec. 535 (BIA 1970), and Matter of Tzimas, 10 I. & N. Dec. 101 (BIA 1962), the IJ found that, even though Sarup was not admitted as a D nonimmigrant, he was granted a nonimmigrant crewman "D" visa to join the M.V. Tunder King. (Id. at 3.) Thus, Sarup was barred from adjusting his status under INA § 245(c). The IJ also rejected Sarup's argument that INA § 245(c) applied only to those aliens who met every one of the statute's eight categories of ineligible aliens. (Id. at 4.)

The BIA affirmed the IJ's decision on appeal, rejecting Sarup's argument that he was not a crewman under the law because he was a C-1 nonimmigrant. (Addendum to Pet'r Br. at 3.) The Board was not persuaded by Sarup's assertion that the statutory bar did not apply to crewmen who have C-1 status, noting that "the applicable regulations explicitly apply to 'any alien, who, on arrival in the United States, . . . was destined to join a vessel . . . in the United States to serve in any capacity thereon.' 8 C.F.R. § 245.1(b)(2)." (Id. at 4.) The Board denied Sarup's claim that there was insufficient evidence to establish that he was a crewman under INA § 245(c), holding that "in the absence of countervailing evidence, which the respondent has not offered, the record clearly and unequivocally establishes that he was admitted for the purpose of joining the crew on the Tunder King on March 10, 2002." (Id.) Sarup filed this timely petition for review.

We have jurisdiction under 8 U.S.C. § 1252(a) to review the question whether INA § 245(c) barred Sarup from applying for adjustment of status. "Where, as here, the

3

BIA issues a decision on the merits and not simply a summary affirmance, we review the BIA's, not the IJ's, decision." Li v. Att'y Gen., 400 F.3d 157, 162 (3d Cir. 2005). "We review the BIA's legal determinations *de novo*, subject to established principles of deference." Wang v. Ashcroft, 368 F.3d 347, 349 (3d Cir. 2004). "We apply substantial evidence review to agency findings of fact, departing from factual findings only where a reasonable adjudicator would be compelled to arrive at a contrary conclusion." Mendez-Reyes v. Att'y Gen., 428 F.3d 187, 191 (3d Cir. 2005).

Adjustment of status "shall not be applicable to (1) an alien crewman." INA § 245(c) [8 U.S.C. § 1255(c)]; see also 8 C.F.R. 1245.1(b)(2) ("Any alien who, on arrival in the United States, was serving in any capacity on board a vessel or aircraft or was destined to join a vessel or aircraft in the United States to serve in any capacity thereon" is prohibited from applying for adjustment of status). The term "crewman" is defined as "a person serving in any capacity on board a vessel or aircraft." INA § 101(a)(10) [8 U.S.C. § 1101(a)(10)]. An alien is a "non-immigrant" if he fits "within one of the following classes of nonimmigrant aliens --. . . . (C) an alien in immediate and continuous transit through the United States, . . . (D)(i) an alien crewman serving in good faith as such in a capacity required for normal operation and service on board a vessel . . . or aircraft, who intends to land temporarily and solely in pursuit of his calling as a crewman and to depart from the United States with the vessel or aircraft on which he arrived or some other vessel or aircraft." INA § 101(a)(15)(D)(i) [8 U.S.C. § 1101(a)(15)(D)(i)].

4

Sarup argues that he was a C-1 nonimmigrant in transit pursuant to INA §101(a)(15)(C), not a "crewman," as that term is defined in INA §§ 101(a)(10) and (15)(D)(i). He contends that only alien crewmen who are classified solely under a "D" visa are statutorily barred from obtaining an adjustment of status under INA § 245(c) [8 U.S.C. § 1255(c)]. Thus, according to Sarup, the statutory bar does not apply to him because the Consulate issued him a "C-1/D" visa and he was admitted as a C-1 nonimmigrant in transit. As the Board correctly noted, however, Sarup's C-1 status does not mean that he cannot also be a non-immigrant alien crewman. See Matter of Tzimas, 10 I. & N. Dec. 101 (BIA 1962) (holding that an alien crewman who was admitted as a C-1 nonimmigrant in transit was ineligible for adjustment of status); see also Matter of G-D-M-, 25 I. & N. Dec. 82 (BIA 2009) (alien with C-1/D visa, who was admitted as a C-1 alien in transit, was barred from applying for adjustment of status). Sarup's C-1/D visa expressly states that he was to join the M.V. Tunder King in the Port of Philadelphia on March 10, 2002, which indicates that he was an alien crewman under INA § 101(a)(10) and a nonimmigrant alien crewman under § (15)(D)(i). His visa also allowed him, as a non-immigrant alien crewman in immediate and continuous transit, to travel to Philadelphia so that he could board the vessel and leave the country. INA § 101(a)(15)(C) [8 U.S.C. § 1101(a)(15)(C)]; 22 C.F.R. § 41.71(a).

Sarup's argument that the BIA acted ultra vires in relying on 8 C.F.R. § 1245.1 and the Foreign Affairs Manual to support its decision is meritless. The Board's reliance on the regulation, which essentially restates the law, and its additional reference to

5

advisory guidelines such as the Foreign Affairs Manual, does not amount to an ultra vires act.  Hollar v. Gov't of V.I., 857 F.2d 163, 168 (3d Cir. 1988) ("An ultra vires act is one which is impermissible as beyond the power or capacity of the entity in question").

Sarup next argues that the evidence was insufficient to support the BIA's conclusion that he was an alien crewman, claiming for the first time that he used a smuggler to obtain the visa, that he never intended on joining the ship, and there was nothing in the record showing that he had a contract with a ship or that the Tunder King knew of his existence.  The record indicates that Sarup rested his case after oral argument on the legal issues presented.  (A.R. 116-17.)  As the BIA correctly noted, Sarup failed to offer any relevant evidence at the hearing other than his passport and visa, the adjustment of status application, and I-94 Form.  Based on the record evidence, we conclude that no reasonable adjudicator would be compelled to arrive at a contrary conclusion than the BIA.

Accordingly, we will deny Sarup's petition for review.