[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-14294
Non-Argument Calendar

_____

Agency No. A096-521-877


EDUARDO PEREZ OZUNA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____


(June 6, 2014)

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Eduardo Perez Ozuna, a native and citizen of the Dominican Republic, seeks

review of the Board of Immigration Appeals' decision affirming the Immigration

Judge's pretermission of his applications for adjustment of status and cancellation of removal. The IJ concluded that Mr. Perez Ozuna's admission to the United States as a crewman rendered him statutorily ineligible for either form of relief from removal. After carefully considering the arguments in the parties' briefs and upon review of the record, we affirm.

## I.

Mr. Perez Ozuna first argues that because he was admitted to the United States as a C-1 non-immigrant in transit, not as a crewman under a D visa classification, he was statutorily eligible for adjustment of status[1] and cancellation of removal because only those who arrive in the United States as crewmen are statutorily barred from such relief.

---

[1] The BIA concluded that Mr. Perez Ozuna did not identify any error in the IJ's pretermission of his application for adjustment of status and so the BIA did not consider that application. It is well-settled that we do not have jurisdiction to review a claim unless the petitioner has exhausted his administrative remedies with respect to that claim. *See* 8 U.S.C. § 1252(d)(1). *See also Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250-51 (11th Cir. 2006) (holding that we lack jurisdiction to consider claims that have not been raised before the BIA).

Mr. Perez Ozuna, however, claimed in his brief to the BIA that he sought both adjustment of status and cancellation of removal as relief before the IJ. The IJ pretermitted both applications for relief on the same basis, namely that Mr. Perez Ozuna was admitted to the United States as a crewman and so was statutorily barred from adjusting his status or being granted cancellation of removal. Mr. Perez Ozuna generally argued before the BIA that he was eligible for relief from removal as an "intending" crewman. Even if we were to treat Mr. Perez Ozuna's brief before the BIA as sufficiently raising a challenge to the denial of his adjustment of status application, for the reasons we provide herein, we would find no error in the IJ's pretermission of this application because crewmen are statutorily ineligible to adjust their status. *See* 8 U.S.C. § 1255(c). *See also* 8 C.F.R.§ 1245.1(b)(2) ("Any alien who, on arrival in the United States, was serving in any capacity on board a vessel or aircraft or was destined to join a vessel or aircraft in the United States to serve in any capacity thereon" is not eligible for adjustment of status).

For certain nonpermanent residents, the Attorney General may cancel the removal of any alien who is inadmissible or deportable from the United States if the alien meets certain statutory eligibility requirements. *See* 8 U.S.C. §1229b(b)(1).[2] "An alien who entered the United States as a crewman subsequent to June 30, 1964," however, is not eligible for cancellation of removal. *See* 8 U.S.C. § 1229b(c)(1). A "crewman" is defined by statute as "a person serving in any capacity on board a vessel or aircraft." 8 U.S.C. § 1101(a)(10).

When determining whether an alien qualifies as a crewman, the BIA examines the alien's visa and the circumstances surrounding his entry into the United States. *See Matter of G-D-M-,* 25 I. & N. Dec. 82, 85 (BIA 2009).[3] An alien is a crewman if it is apparent that he was issued a visa as a crewman and entered the United States in pursuit of an occupation as a seaman. *Id.* Once an alien has been admitted as a crewman, he cannot avoid the limitations associated with that status. *Id.* at 84-85. *See also Parzagonis v. INS,* 747 F.2d 1389, 1390 (11th Cir. 1984) (explaining that the focal issue in determining whether an alien

---

[2] Because Mr. Perez Ozuna raises a question regarding the IJ's "non-discretionary legal determination[] as to statutory eligibility for discretionary relief," we have jurisdiction to review this petition. *Alvarado v. U.S. Att'y Gen.*, 610 F.3d 1311, 1314 (11th Cir. 2010). *See also* 8 U.S.C. § 1252(a)(2)(D) (providing that "constitutional claims or questions of law raised upon a petition for review" are reviewable).

[3] *Matter of G-D-M-* is a precedential decision of the BIA because it was decided by three members of the BIA. *See* 8 C.F.R. § 1003.l(d), (g). We give *Chevron [U.S.A., Inc. v. Natural Res. Def Council, Inc.*, 467 U.S. 837 (1984)] deference, where appropriate, to precedential BIA decisions or to non-precedential BIA decisions that rely on existing BIA precedent. *See Quinchia v. U.S. Att'y Gen.*, 552 F.3d 1255, 1258 (11th Cir. 2008).

3

qualifies as a crewman is whether he entered the United States in pursuit of his calling as a seaman). An alien does not have to have been actively serving as a crewman at the time of his arrival in the United States or have actually obtained employment as a crewman after entering the United States so long as he entered the United States in pursuit of his calling as a seaman. *Parzagonis,* 747 F.2d at 1390.

In *Matter of G-D-M-,* the BIA determined that an alien who entered the United States on a "C-1/D" visa and was issued a Form I-94 that classified him as a C-1 non-immigrant in transit was a crewman, even though he never had been or became employed as a crewman, because he entered the United States with the intent to work as a crewman. *See* 25 I. & N. Dec. at 83-86. In *Matter of Goncalves,* the BIA determined that an alien who entered the United States in transit to reship was a crewman, even though he subsequently became unemployed while in the United States, because he entered in pursuit of his calling as a seaman. *See* 10 I. & N. Dec. 277, 279-80 (BIA 1963). In *Matter of Campton,* the BIA determined that an alien who entered the United States on a non-immigrant visitor's visa was an alien crewman because he entered the United States in pursuit of his calling as a crewman aboard a private yacht. *See* 13 I. & N. Dec. 535, 538 (BIA 1970). In *Matter of Tzimas,* the BIA determined that an alien who entered the United States on a C-1 visa as an alien in transit and was to join a

vessel on which he was to serve as a crewman was ineligible for adjustment of status.  *See* 10 I. & N. Dec. 101, 101-02 (BIA 1962).

Citing this precedent regarding the alien crewman classification, the BlA found no clear error in the IJ's determination that Mr. Perez Ozuna entered the United States in June of 2001 as a crewman. The IJ relied on Mr. Perez Ozuna's Entry and Departure Record (I-94), which listed his entry status as C-1 and his visa, which had a stamp of C-1/D, to conclude that he entered the United States to pursue his calling as a crewman.[4]  Mr. Perez Ozuna, through his counsel, argued before the IJ and BIA, and now on appeal, that when he arrived he had no intention of working as a crewman.  *See e.g., Matter of G-D-M-,* 25 I. & N. Dec. at 85 (explaining that BIA precedential decisions "have consistently examined the type of visa an alien possessed, as well as the nature of his admission, to determine whether he should be considered a crewman").  Mr. Perez Ozuna, however, has not presented any evidence to substantiate his argument, and absent such evidence, his C-1/D visa status reasonably supports the opposite conclusion.  *See* 8 U.S.C. § 1229a(c)(4)(A)(i) ("An alien applying for relief or protection from removal has the burden of proof to establish that the alien ... satisfies the applicable eligibility

---

[4] The C-1 entry status indicates that Mr. Perez Ozuna is a non-immigrant in transit, and the "D" on Mr. Perez Ozuna's visa indicates that he was given the specific non-immigrant status of "alien crewman." *See* 8 U.S.C. §§ 1101(a)(15)(C), (D). *See also Matter of G-D-M-*, 25 I. & N. Dec. at 83.

requirements.").[5] The BIA's conclusion that Mr. Perez Ozuna was ineligible for cancellation of removal because he entered the United States as a crewman was, therefore, a reasonable construction of the Immigration and Nationality Act. *See Quinchia,* 552 F.3d at 1258 ("We review the BIA's statutory interpretation *de novo,* but will defer to the BIA's interpretation of a statute if it is reasonable and does not contradict the clear intent of Congress.").

## II.

Mr. Perez Ozuna also argues that his due process rights were violated because the IJ pretermitted his cancellation of removal application without requiring the Department of Homeland Security to file a written motion to pretermit, thus denying him a full and fair opportunity to respond to the motion. We review constitutional challenges *de novo. Lonyem v. U.S. Att'y Gen.,* 352 F.3d 1338, 1341 (11th Cir. 2003). Aliens are entitled to due process of law in deportation hearings, which is satisfied only by a full and fair hearing. *Ibrahim v. INS,* 821 F.2d 1547, 1550 (11th Cir. 1987). To establish due process violations in removal proceedings, an alien must show that he was deprived of

---

[5] We note that the record contains a sworn statement, apparently taken when Mr. Perez Ozuna was apprehended by immigration officials in 2009, in which he states that he entered the United States in 2001 "to conduct some work [on a] cargo vessel." Mr. Perez Ozuna argues that use of this statement violates his due process rights because it contains a signature date for him of June 23,2001, even though the several other pages of the statement are dated November 25, 2009. Because Mr. Perez Ozuna did not raise this argument before the BIA, we cannot consider it. *See* 8 U.S.C. § 1252(d)(l). *See also Amaya-Artunduaga*, 463 F.3d at 1250-51. In any event, neither the BIA nor the IJ relied on this statement in reaching tile conclusion that Mr. Perez Ozuna entered the United States as an alien crewman.

liberty without due process of law, and that the asserted errors caused him substantial prejudice. *Lonyem,* 352 F.3d at 1341-42. "To show substantial prejudice, an alien must demonstrate that, in the absence of the alleged violations, the outcome of the proceeding would have been different." *Lapaix v. U.S. Att'y Gen.,* 605 F.3d 1138, 1143 (11th Cir. 2010).

The IJ did not violate Mr. Perez Ozuna's due process rights when he pretermitted Mr. Perez Ozuna's cancellation of removal application without the government filing a written pretermission motion. First, Mr. Perez Ozuna does not cite to any authority, and we are aware of none, requiring the filing of a written motion to pretermit. Second, contrary to Mr. Perez Ozuna's argument, he was given the opportunity at the hearing before the IJ to present his arguments as to why he believed he was statutorily eligible for relief, specifically why his admission to the United States was not as an alien crewman.[6] More importantly, Mr. Perez Ozuna has not shown that the outcome of the proceedings would have been different had he had the opportunity to present his arguments in a written response to a DHS motion to pretermit.

## PETITION DENIED IN PART, DISMISSED IN PART.

---

[6] Mr. Perez Ozuna's counsel argued that he was not a "crewman per se. He was an intended crewman" because his 1-94 was stamped "C-1" indicating he was admitted as a non-immigrant in transit. The BIA rejected this argument, noting that C-1 status includes the subset of alien crewmen who are traveling into the United States to join a vessel or aircraft.