[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13773
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 7, 2011
JOHN LEY
CLERK

Agency No. A012-360-841


ALBERT A. CAMPBELL,
a.k.a. Albert Campbell,
a.k.a. Albert A. Campbell,
a.k.a. Glenn Campbell,

                                                            Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                            Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 7, 2011)

Before EDMONDSON, CARNES, and KRAVITCH, Circuit Judges.

PER CURIAM:

Proceeding pro se, Albert Anthony Campbell petitions for review of the final order of the Board of Immigration Appeals affirming the Immigration Judge's order of removal. In March 2008, the Department of Homeland Security served Campbell with a notice to appear charging that he was removeable (1) under Immigration and Nationality Act § 212(a)(2)(C) as an alien who has engaged in the trafficking of a controlled substance and (2) under INA § 212(a)(2)(A)(i)(II) as an alien convicted of a controlled substance offense.

At Campbell's removal hearing, the government submitted evidence of his 1981 conviction for distribution of and possession with intent to distribute heroin. The IJ denied Campbell's request for a hearing on the trafficking charge because Campbell remained removeable based on his prior conviction for a controlled substance offense.

At a later hearing Campbell submitted an application for a waiver of inadmissibility under former INA § 212(c) and an application for withholding of removal under the United Nations Convention Against Torture, 8 C.F.R. § 208.16(c). The IJ denied Campbell's request for a hearing on his § 212(c)

application, granted the government's motion to pretermit Campbell's § 212(c) application, and denied Campbell's CAT claim after a separate hearing.

Campbell contends that the IJ and the BIA erred by finding that: (1) he was ineligible for a waiver of inadmissibility under former INA § 212(c) because he was convicted after a jury trial rather than after pleading guilty, and (2) his evidence was insufficient to establish eligibility for withholding of removal under CAT. Campbell also contends that he was deprived of due process because the IJ denied his requests for an evidentiary hearing and because the IJ deprived him of a fair hearing on his CAT claim.

## I.

We review de novo issues of subject matter jurisdiction. Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006). The plain language of the INA precludes judicial review of an IJ's final order of removal for an alien who is removeable for having committed certain offenses, including a controlled substance offense. 8 U.S.C. § 1252(a)(2)(C), INA § 242(a)(2)(C) ("Notwithstanding any other provision of law . . ., no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed [a controlled substance offense]." Accordingly, "[w]hen [a criminal] alien petitions for review of a removal order denying his CAT

3

claim, we may not review the administrative fact findings of the IJ or the BIA as to the sufficiency of the alien's evidence and the likelihood that the alien will be tortured if returned to the country in question." Singh v. U.S. Att'y Gen., 561 F.3d 1275, 1280–81 (11th Cir. 2009).

Campbell admitted that he had been convicted of distribution of and possession with intent to distribute heroin. Therefore, to the extent Campbell challenges the IJ's and the BIA's finding that he failed to establish his eligibility for relief under CAT, we dismiss the petition for review for lack of jursidiction.

## II.

The INA does, however, preserve our jurisdiction to review the legal and constitutional issues Campbell raises. 8 U.S.C. § 1252(a)(2)(D), INA § 242(a)(2)(D) ("Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals.")

Because the BIA did not expressly adopt the IJ's opinion, we review only the BIA's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review questions of law de novo, with appropriate deference to the BIA's reasonable interpretation of the statute in question. Ferguson v. U.S. Att'y Gen.,

4

563 F.3d 1254, 1269 n.25 (11th Cir. 2009). However, no deference is owed to an agency interpretation involving the retroactive application of a statute. Id.

Under the law as it existed at the time of Campbell's 1981 conviction, an alien could apply for discretionary relief under former INA § 212(c) during the course of removal proceedings. However, § 212(c) was repealed by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) and "replaced . . . with a new section that gives the Attorney General the authority to cancel removal for a narrow class of inadmissible or deportable aliens." INS v. St. Cyr, 533 U.S. 289, 297, 121 S.Ct. 2271, 2277 (2001). Nevertheless, in St. Cyr, the Supreme Court held that §212(c) relief remained available to an alien who had been convicted of a disqualifying offense by plea agreement before enactment of IIRIRA. St. Cyr, 533 U.S. at 314–15, 121 S.Ct. at 2287. Focusing on the quid pro quo nature of a plea agreement, the Supreme Court held that IIRIRA's repeal of § 212(c) had an impermissible retroactive effect on "people who entered into plea agreements" because such persons "almost certainly relied upon [the] likelihood [of obtaining § 212(c) relief] in deciding whether to forgo [the] right to a trial." Id. at 321–25, 121 S.Ct. at 2291–93.

In this case, the BIA found that Campbell was ineligible for relief under former INA § 212(c) because he was convicted of distribution of and possession

5

with intent to distribute heroin—a drug trafficking offense—after a jury trial rather than after pleading guilty in reliance on the continued availability of § 212(c) relief. Campbell argues that the BIA erred because the IIRIRA's repeal cannot retroactively be applied to him. That argument is foreclosed by our precedent. In Ferguson v. U.S. Att'y Gen., 563 F.3d 1254 (11th Cir. 2009), an alien who was convicted of a felony after a trial sought to "extend St. Cyr outside of the guilty plea context." Id. at 1263; see St. Cyr, 533 U.S. at 297, 121 S.Ct. at 2277. We held that "reliance is a core component of St. Cyr's retroactivity analysis as it applies to aliens challenging the application of IIRIRA's repeal of § 212(c)." Id. at 1269–70. Joining the majority of other circuits, we held that St. Cyr does not apply—and § 212(c) relief is unavailable—to aliens who were convicted after a trial "because such aliens' decisions to go to trial do not satisfy St. Cyr's reliance requirement." Id. Thus, Ferguson could not seek relief under the repealed statute because she did not enter a guilty plea in reliance on the continuing availability of § 212(c) relief. Id. at 1271.

Campbell's case in indistinguishable from Ferguson. Because Campbell did not plead guilty to his drug trafficking offense, he cannot demonstrate that he detrimentally relied on the continued availability of a § 212(c) waiver of inadmissibility. Since detrimental reliance is a critical element of any claim for §

6

212(c) relief based on an alleged impermissible retroactive application of IIRIRA, we deny Campbell's petition for review of the BIA's denial of § 212(c) relief.

III.

Campbell also contends that he was denied due process of law because the IJ refused his requests for a hearing on his removability and on his application for § 212(c) relief and that he was deprived of a fair hearing on his CAT claim. Campbell's due process claim concerning the IJ's refusal to conduct a hearing on his request for relief under former INA § 212(c) is without merit because "[t]here is no constitutionally protected right to discretionary relief, which is the relief requested here." Zafar v. United States Atty. Gen., 461 F.3d 1357, 1367 (11th Cir. 2006) (citation omitted).

Campbell's other constitutional claims also lack merit. Due process requires "a full and fair hearing." Ibrahim v. INS, 821 F.2d 1547, 1550 (11th Cir. 1987). Accordingly, aliens must receive "notice and an opportunity to be heard in their removal proceedings." Fernandez-Bernal v. U.S. Att'y Gen., 257 F.3d 1304, 1310 n.8 (11th Cir. 2001). To prevail on a due process claim, however, an alien must show substantial prejudice—namely, that the outcome would have been different "in the absence of the alleged procedural deficiencies." Patel v. U.S. Att'y Gen., 334 F.3d 1259, 1263 (11th Cir. 2003).

To the extent that Campbell argues that he was denied due process by the IJ's failure to hold a hearing on his removability, his claim lacks merit because he has failed to identify any evidence that he could have presented to rebut the charges of removal. And even if Campbell successfully challenged the drug trafficking charge under INA § 212(a)(2)(C), he remained removeable under § 212(a)(2)(a)(i)(II) as an alien convicted of a controlled substance offense; he admitted his 1981 conviction. See De Sandoval v. U.S. Att'y Gen., 440 F.3d 1276, 1285 (11th Cir. 2006) ("Petitioner fails to show how the additional procedures she demands would have changed the result in her case because she has admitted all of the facts necessary to warrant reinstatement of the original removal order . . . .").

Finally, Campbell argues that the IJ exhibited hostility toward him at his CAT hearing and that the IJ's bias against him amounted to a denial of due process because he was deprived of a full and fair hearing. But even though the IJ expressed frustration with Campbell's counsel at the hearing, "expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women . . . sometimes display," do not establish bias or partiality. Liteky v. United States, 510 U.S. 540, 555–56, 114 S.Ct. 1147, 1157 (1994). Furthermore, as the BIA noted, the IJ reviewed Campbell's evidence and

gave his counsel multiple opportunities to identify what evidence he was relying on to assert that Campbell would be tortured after being deported. Accordingly, Campbell was not deprived of a full and fair hearing on his CAT claim.

**PETITION DISMISSED IN PART** and **DENIED IN PART**.