[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11212
Non-Argument Calendar
_____

Agency No. A088-076-096


WANNAKU WATTAWADUGE WIJITHANANDA FERNANDO,

Petitioner,


versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(February 6, 2014)

Before PRYOR, FAY and KRAVITCH, Circuit Judges.

PER CURIAM:

Wannaku Fernando seeks review of the Board of Immigration Appeals' (BIA's) denial of his motion to reopen removal proceedings based on changed country conditions.  After thorough review, we deny Fernando's petition.

I.

Fernando, a native and citizen of Sri Lanka, was admitted to the United States as a crewman in March 1997 with authorization to remain for 29 days.  More than a decade later, the Department of Homeland Security (DHS) served Fernando with a Notice to Appear, charging him with removability under the Immigration and Nationality Act (INA) § 237(a)(1)(B), for remaining in the United States longer than permitted, and § 237(a)(1)(C)(i), for failing to maintain crewman status.  At hearings before an Immigration Judge (IJ), Fernando conceded removability.

Subsequently, Fernando filed an application for asylum, withholding of removal, and CAT relief, contending he feared he would be persecuted and tortured upon return to Sri Lanka based on his brother's involvement with an opposition party.  After a May 2011 hearing on the matter, the IJ denied Fernando's applications, finding that his asylum application was time-barred, his testimony was not credible, and he had not met his burden of establishing eligibility for withholding of removal or CAT relief.  The BIA dismissed Fernando's appeal, and he did not petition this court for review of that order.

2

Instead, in October 2012, Fernando moved the BIA to reopen his removal proceedings based on changed country conditions. He contended that, as a failed asylum applicant, he would be subject to persecution and torture if he returned to Sri Lanka, making him eligible for relief despite the IJ's and BIA's earlier conclusions.

In support of his motion, Fernando submitted the following evidence: previous, unpublished BIA decisions granting motions to reopen in similar cases; a June 2011 Amnesty International article requesting that Sri Lankan authorities refrain from mistreating 26 recently returned failed asylum seekers, citing the country's "history of arresting and detaining rejected Sri Lankan asylum seekers upon their return"; a June 2011 Freedom from Torture editorial expressing concern that failed asylum seekers may be at risk of torture because of Amnesty International's documentation of their "continued arrest and detention"; two 2010 news articles reporting that asylum seekers returned from Australia had been arrested at the Sri Lankan airport, some of whom were detained and assaulted; a September 2010 Amnesty International article reporting that three failed asylum seekers returning to Sri Lanka in 2009 were detained, beaten, and tortured; a January 2010 Refugee Documentation of Ireland report stating that Sri Lankan police interviewed every deportee upon their return to Sri Lanka but focused most intently on people with links to the Liberation Tigers of Tamil Eelam and those

3

traveling without documents; an undated statement from an immigration attorney indicating her client's U.S. asylum application failed, he was deported to Sri Lanka in February 2009, he was taken into custody, his whereabouts were presently unknown, and the attorney feared her client had been tortured or killed; an undated affirmation from another immigration attorney stating a representative at the Sri Lankan consulate indicated that, to obtain a new passport in that country, an applicant had to sign an affidavit as to whether they had applied for asylum in the U.S. (information confirmed on the Sri Lankan Embassy's website); and an October 2007 opinion from Dr. Chris Smith, associate fellow at the Royal Institute for International Affairs, noting two detentions of failed asylum applicants in Sri Lanka – one of which resulted in torture – in 2002 and 2003.

In addition to these, Fernando attached a November 2011 Sri Lanka "Bulletin:  Recent Reports on Torture and Ill-Treatment" from the U.K. Border Agency, which cited reports prepared by various non-governmental organizations (including the Amnesty International and Freedom from Torture reports) listing torture as a continued concern in Sri Lanka.  It stated that, from May 2009 through September 2011, fourteen individuals returning to Sri Lanka from abroad reported torture, four of whom had tried but failed to obtain asylum elsewhere.  The 2011 Bulletin also cited the U.K. Border Agency's own Country of Origin Information (COI) Report, detailing similar conditions in Sri Lanka.

4

The BIA denied Fernando's motion to reopen.  It first concluded Fernando had not shown the conditions he complained of did not exist at the time of his May 2011 hearing so as to constitute "changed" conditions or circumstances supported by "new evidence" that was unavailable, undiscoverable, or unpresentable at the previous hearing.  Rather than showing the conditions had *changed* in Sri Lanka, the BIA found that Fernando's evidence showed the Sri Lankan government had been paying notice to failed asylum seekers years before his asylum proceedings in the U.S. and were simply continuing.  The BIA took administrative notice of the U.K. Border Agency's 2012 COI Report and found the report supported the conclusions about continuing problems in Sri Lanka.  This is Fernando's petition for review of that order.

## II.

Fernando first contends the BIA erred in denying his motion to reopen removal proceedings.  Generally, a motion to reopen must be filed within 90 days of the final order of removal.  8 C.F.R. § 1003.23(b)(1).  The time limitation does not apply, however, "when (1) an alien files a motion to reopen that seeks asylum, withholding of removal, or relief under the [CAT]; (2) the motion is predicated on changed country conditions; and (3) the changed conditions are material and could not have been discovered at the time of the removal proceedings." *Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009).  "The moving party bears a

heavy burden, as motions to reopen are disfavored, especially in removal proceedings." *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009).[1] We review the denial of a motion to reopen for an abuse of discretion, granting a petition and vacating the BIA's order only when the BIA exercised its discretion in an arbitrary or capricious manner. *Jiang*, 568 F.3d at 1256.

After a thorough review of Fernando's submissions to the BIA, we conclude the BIA did not abuse its discretion in denying the motion to reopen. Fernando filed his motion more than 90 days after his final order of removal, so to be eligible for relief he must establish changed country conditions that could not have been discovered at the time of his initial removal proceedings. 8 C.F.R. § 1003.23(b)(1), (b)(4)(i). The BIA's denial of Fernando's motion based on his failure to show the evidence he presented was previously unavailable or undiscoverable was not arbitrary or capricious. The BIA not only noted several pieces of the evidence he submitted *existed* prior to his May 2011 removal hearing, but also considered whether that evidence was *available* to Fernando at that time and determined Fernando had not met his burden of showing previous unavailability. Much of the evidence was readily publicly available before May 2011. Further, the evidence Fernando submitted that post-dated his May 2011

---

[1] This precedent squarely forecloses Fernando's argument that the BIA erroneously saddled him with the burden to prove the Sri Lankan government had changed its view of failed asylum seekers since his May 2011 removal proceedings.

6

hearing supported the BIA's conclusion that conditions in Sri Lanka had not changed but, rather, the Sri Lankan government was continuing a practice that existed when Fernando filed his initial application. Accordingly, we will not vacate the BIA's order on this ground.

### III.

Next, Fernando argues that, by taking administrative notice of the 2012 COI Report, the BIA denied him his right to due process. We review constitutional challenges *de novo*. *Lonyem v. U.S. Att'y Gen.*, 352 F.3d 1338, 1341 (11th Cir. 2008). To establish a due process violation in a removal proceeding, the petitioner must show he was "deprived of liberty without due process of law, and that the asserted errors caused [him] substantial prejudice." *Id.* To show substantial prejudice as a result of the denial of due process, a petitioner "must demonstrate that, in the absence of the alleged violations, the outcome of the proceeding would have been different." *Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1143 (11th Cir. 2010) (citing *Ibrahim v. INS*, 821 F.2d 1547, 1550 (11th Cir. 1987)).

We conclude that, assuming the BIA's taking administrative notice of the 2012 COI Report without providing Fernando an opportunity to respond violated his right to due process, he has not carried the heavy burden of showing resulting substantial prejudice. The BIA's order makes clear that, only *after* determining Fernando could not show changed country conditions, it found the 2012 COI

7

Report was "consistent with" and confirmed its conclusions. Based on this language, Fernando cannot show his motion would have been decided differently if the BIA had not taken administrative notice of the 2012 COI Report. We, therefore, cannot vacate the BIA's order on this ground.[2]

## IV.

Finally, Fernando requests in his motion styled "motion to refer to mediation," the court to remand his proceeding to the BIA for placement on its inactive docket. As Fernando points out, the Second Circuit, with the government's approval, recently established a procedure for remanding cases to the BIA "when the Government elects to suspend, at least temporarily, proceedings against a petitioner." *See In re Immigration Petitions for Review Pending in the U.S. Court of Appeals for the Second Circuit*, 702 F.3d 160, 161 (2d Cir. 2012). To date, however, this court has not adopted a similar policy. Accordingly, we deny Fernando's motion.

## V.

For the reasons set forth above, Fernando's petition for review of the BIA's order and his motion for remand are denied.

**PETITION DENIED, MOTION DENIED.**

---

[2] Fernando's "reliance on unpublished BIA decisions is misplaced as the BIA accords no precedential value to its unreported decisions." *De la Rosa v. U.S. Att'y Gen.*, 579 F.3d 1327, 1336 (11th Cir. 2009).