[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14022
Non-Argument Calendar
_____

Agency No. A073-225-800


EDILBERTO RODRIGUEZ-ROJAS,
a.k.a. Edilberto Rodriguez,

                                                                    Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                    Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 5, 2014)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Edilberto Rodriguez-Rojas, a native and citizen of Cuba, seeks review of the Board of Immigration Appeals's ("BIA") decision affirming the Immigration Judge's ("IJ") order of removal and denial of cancellation of removal.   On appeal, Rodriguez-Rojas, who was found removable for attempting to help smuggle aliens into the United States, argues that: (1) the IJ violated his due process rights by allowing the government's only witness as to removability to testify telephonically instead of via televideo or in person; (2) the government failed to establish by clear and convincing evidence that he was removable based on the alien smuggling charge; and (3) the IJ's denial of his cancellation of removal application as a matter of discretion violated his due process rights by discussing and relying on his Cuban nationality in considering his application.   After thorough review, we dismiss the petition in part, and deny it in part.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision.   Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).   Here, because the BIA did not expressly adopt the IJ's decision, we review the BIA's decision.   See id.

We review constitutional challenges de novo.   Lonyem v. U.S. Att'y Gen., 352 F.3d 1338, 1341 (11th Cir. 2003).   We review findings of fact, including findings of removability, for substantial evidence.   Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc).   Under the substantial evidence test, we

2

draw every reasonable inference from the evidence in favor of the decision, and reverse a finding of fact only if the record compels a reversal. Id. at 1027. We must affirm if the BIA's decision is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. (quotation omitted). The fact that the record may support a contrary conclusion is insufficient to reverse. Id. Finally, we review de novo our own subject matter jurisdiction. Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1332 (11th Cir. 2003).

First, we are unpersuaded by Rodriguez-Rojas's claim that the IJ violated his due process rights by allowing a government witness to testify telephonically. We recognize that aliens are entitled to due process of law in deportation hearings, which is satisfied only by a full and fair hearing. Ibrahim v. INS, 821 F.2d 1547, 1550 (11th Cir. 1987). To establish due process violations in removal proceedings, an alien must show that he was deprived of liberty without due process of law, and that the asserted errors caused him substantial prejudice. Lonyem, 352 F.3d at 1341-42. "To show substantial prejudice, an alien must demonstrate that, in the absence of the alleged violations, the outcome of the proceeding would have been different." Lapaix v. U.S. Att'y Gen., 605 F.3d 1138, 1143 (11th Cir. 2010).

Here, even assuming that Rodriguez-Rojas adequately objected to the telephonic testimony, the IJ did not violate Rodriguez-Rojas's right to due process by allowing a witness to testify telephonically. For starters, the IJ did not violate

3

his prior ruling when he allowed the witness to testify via the telephone. The IJ never definitively ruled that the unavailable Coast Guardsmen had to testify via televideo, but instead stated that they could testify via televideo if they were at a televideo facility.

More importantly, Rodriguez-Rojas cannot show that the outcome of the proceedings would have been different had the witness testified in person or via televideo. Despite the witness appearing telephonically, Rodriguez-Rojas extensively cross-examined him and raised numerous concerns that the IJ specifically acknowledged in his oral decision, such as the fact that Rodriguez-Rojas's vessel stopped immediately, Rodriguez-Rojas was used to translate for the other person on the vessel, and the videotape of the boarding process was not admitted into evidence. Additionally, Rodriguez-Rojas offers nothing more than his own speculation that, had the witness testified in person or via televideo, he would not have been able to identify Rodriguez-Rojas as being on the vessel.

To the contrary, there is sufficient evidence identifying Rodriguez-Rojas as being on the vessel. To begin with, the witness testified that Rodriguez-Rojas provided him with his Florida driver's license and the copy of the license in the law enforcement case package was the license provided to him on the night in question. Moreover, Rodriguez-Rojas's own testimony establishes that he was on

4

the vessel that was stopped that night.  Accordingly, we deny Rodriguez-Rojas's petition for review as to this issue.

We also find no merit to Rodriguez-Rojas's claim that the agency's determination that the DHS met its burden of showing that Rodriguez-Rojas was removable for alien smuggling was not supported by substantial evidence.  As the record shows, the government's witness provided detailed testimony about how the Coast Guard intercepted Rodriguez-Rojas's vessel and a second vessel transporting 20 Cuban migrants.   A Coast Guard officer's testimony established that the two vessels were in close proximity to one another and traveling at the same speed in the same direction.  The officer further testified that Rodriguez-Rojas initially told him that he and the other person on the boat with him were fishing with their friends in the other vessel.  However, Rodriguez-Rojas denied knowing the people in the other vessel once the Coast Guard discovered that it was being used to transport migrants.  Additionally, the officer testified that, despite the claim that they were fishing, the fishing rods in the vessel were brand new, only one was actually rigged for fishing, and the fishing rods were stowed.  He also explained why smugglers commonly used two vessels when smuggling aliens. Moreover, the statements from the other Coast Guardsmen corroborated the testimony that the two vessels were operating in tandem.

5

The fact that the DHS did not submit the Coast Guard video of the boarding of Rodriguez-Rojas's vessel does not compel the conclusion that he was not removable for alien smuggling. Rodriguez-Rojas's offers nothing more than his own speculation that it may contradict the government witness's testimony and be exculpatory. Additionally, the inconsistency between the witness's testimony and the incident report with regard to whether the witness initially saw one or two vessels on the radar does not compel the conclusion that Rodriguez-Rojas was not removable, as this issue is irrelevant. The witness's testimony and the statements contained in the incident report consistently reflect that Rodriguez-Rojas's vessel was operating in tandem with the vessel transporting migrants. Accordingly, we deny Rodriguez-Rojas's petition for review as to this issue.

Finally, we lack jurisdiction over Rodriguez-Rojas's claim that the IJ's denial of his cancellation of removal application as a matter of discretion violated his due process rights. It is well-established that we lack jurisdiction to review discretionary judgments with regard to applications for cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i). Despite this jurisdictional bar, we retain jurisdiction over constitutional claims or questions of law raised in a petition for review. 8 U.S.C. § 1252(a)(2)(D). We retain jurisdiction over constitutional claims only when a petitioner alleges "at least a colorable constitutional violation," which means that the "claim must have some possible validity." Arias v. U.S. Att'y Gen.,

6

482 F.3d 1281, 1284 & n.2 (11th Cir. 2007) (quotations omitted).  A petitioner cannot create jurisdiction "by cloaking an abuse of discretion argument in constitutional garb."  Id. at 1284 (quotation omitted).

Here, we lack jurisdiction to consider the claim because Rodriguez-Rojas is challenging a discretionary denial of cancellation of removal and his claim is an abuse-of-discretion argument cloaked in constitutional language.  Although Rodriguez-Rojas couches his challenge in due process terms, he is ultimately only challenging the IJ's determination that his negative factors outweigh his positive equities.  See id. (concluding that a due process claim that the IJ was intemperate and abusive in denying discretionary relief was really just a challenge to the weighing of the discretionary factors and that we lacked jurisdiction to review it).  Accordingly, we dismiss Rodriguez-Rojas's petition for review as to this issue.

**PETITION DENIED IN PART, DISMISSED IN PART.**