[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13089
Non-Argument Calendar
_____

Agency No. A078-528-110

JESUS REYES,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(May 8, 2014)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Jesus Reyes, a native and citizen of Cuba, seeks review of the Board of Immigration Appeals's (BIA) decision affirming the Immigration Judge's (IJ) orders of removal and denial of cancellation of removal.[1]  After consideration of the parties' briefs and the record on appeal, we deny Reyes's petition for review of the BIA's decision upholding the IJ's removal order, because the order was supported by substantial evidence and did not violate Reyes's due process rights. We dismiss Reyes's petition for review of the BIA's order affirming the IJ's denial of cancellation of removal for lack of jurisdiction.

I.

Reyes came to the United States in August 2001 and obtained lawful permanent resident status through the Cuban Adjustment Act.  In June 2008, the U.S. Coast Guard stopped two boats traveling together in the direction of Miami. Reyes was on one of the boats.  The other boat was carrying 20 Cuban migrants. After this incident, the government served Reyes with a Notice to Appear, charging him as removable, pursuant to 8 U.S.C. § 1182(a)(6)(E)(i), for knowingly encouraging, inducing, assisting, abetting, or aiding a person to try to enter the United States without permission.

---

[1] Contrary to the government's argument on appeal, Reyes's brief complies with Federal Rule of Appellate Procedure 28(a)(8)(A).  His brief contains arguments with citations to authority, specifically the Due Process Clause of the U.S. Constitution, as well as citations to portions of the administrative record that he asserts violates his constitutional rights.

The IJ held a hearing on the issue of removability.  At the hearing, the government submitted the U.S. Coast Guard's Law Enforcement Case Package Checklist that Petty Officer Peter Furnari prepared, which included statements from the five Coast Guard officers who intercepted the two boats.  Furnari also testified by telephone.  The IJ found that the government had shown by clear and convincing evidence that Reyes had aided and abetted alien smuggling and therefore found him removable.

Reyes then filed an application for cancellation of removal under Section 240A(a) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1229b(a), together with supporting documentation.  At the merits hearing on Reyes's application, the IJ denied the application as a matter of discretion, finding the negative equities outweighed the positive.

Reyes appealed both orders to the BIA, which agreed with the IJ's conclusions and dismissed Reyes's appeal.  Reyes then filed this petition for review that is now before us.

## II.

### A.

As to removability, Reyes first argues that the government failed to establish by clear and convincing evidence that he was removable based on the alien smuggling charge.  We review findings of fact, including findings of removability,

3

using the substantial evidence test.  Adefemi v. Ashcroft, 386 F.3d 1022, 1026–27 (11th Cir. 2004).  Under this test, we draw every reasonable inference from the evidence in favor of the decision and reverse a finding of fact only if the record compels a reversal.  Id. at 1027.  We must affirm if the BIA's decision is "supported by reasonable, substantial, and probative evidence on the record considered as a whole."  Id.

We conclude that substantial evidence supports the BIA's decision to remove Reyes for alien smuggling.  The government's witness, Furnari, provided detailed testimony about how the Coast Guard intercepted Reyes's boat and a second boat transporting 20 Cuban migrants.  Furnari's testimony and the other Coast Guard officers' statements consistently reflect that Reyes's boat was operating in tandem with the boat transporting the migrants.  While it may be true, as Reyes argues, that Furnari's testimony was inconsistent at points with the incident report, these minor inconsistencies are not sufficient to compel reversal of the BIA's conclusion.  See Adefemi, 386 F.3d at 1027.  Because the removability finding is supported by substantial evidence, we deny Reyes's petition for review of the removal order based on this issue.

## B.

Reyes's second argument is that the IJ violated his due process rights by allowing the government's only witness at the removal hearing to testify by

telephone instead of by video or in person.[2]  In particular he argues that the IJ's ruling prevented the government's witness from identifying Reyes as the person who was apprehended on the boat.

"We review constitutional challenges de novo."  Lonyem v. U.S. Att'y Gen., 352 F.3d 1338, 1341 (11th Cir. 2003).  "Aliens are entitled to due process of law in deportation hearings," which is satisfied "only by a full and fair hearing."  Ibrahim v. INS, 821 F.2d 1547, 1550 (11th Cir. 1987).  To establish due process violations in removal proceedings, an alien must show that he was deprived of liberty without due process of law and that the asserted errors caused him substantial prejudice.  Lonyem, 352 F.3d at 1341–42.

We conclude that the IJ did not violate Reyes's right to due process by allowing the government's witness, Furnari, to testify by telephone.  Even if the telephonic appearance caused a due process violation, Reyes cannot show that the outcome of the proceedings would have been different had Furnari testified in person or by video.  See Lapaix v. U.S. Att'y Gen., 605 F.3d 1138, 1143 (11th Cir. 2010) ("To show substantial prejudice, an alien must demonstrate that, in the absence of the alleged violations, the outcome of the proceeding would have been

---

[2] Reyes also argues that his due process rights were violated because there was no Spanish translator at the time the Coast Guard boarded the boat on which he was apprehended.  This claim is not properly before us because Reyes failed to present this claim in his appeal to the BIA.  We therefore lack jurisdiction to consider this unexhausted argument.  See 8 U.S.C. § 1252(d)(1); Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1251 (11th Cir. 2006).

different."). Reyes extensively cross-examined Furnari and raised numerous concerns that the IJ specifically acknowledged in his oral decision.

Nor do we find, based on the circumstances presented by this case, substantial prejudice due to the fact that Furnari could not identify Reyes in person. There was sufficient evidence that Reyes was on the boat, including Furnari's testimony that Reyes provided his Florida driver license that night. Reyes's own testimony also established that he was on the boat. For these reasons, we deny Reyes's petition for review of the removal order based on his due process argument.

## C.

Finally, Reyes argues the IJ's denial of his request for cancellation of removal violated his due process rights, his equal protection rights, and his civil rights. In support of these arguments, Reyes points to the IJ's comments that Reyes abused the special privilege he was afforded as a beneficiary of the Cuban Adjustment Act by assisting other individuals to enter the United States without permission. Reyes argues that these comments showed the IJ held him to a higher standard because he is Cuban.

We cannot consider this argument because we lack jurisdiction to review discretionary judgments with regard to applications for cancellation of removal. 8 U.S.C. § 1252(a)(2)(B)(i) (limiting jurisdiction to review a judgment under INA

§ 240A, 8 U.S.C. § 1229b, cancellation of removal).  Although Reyes couches his challenge in due process terms, he is ultimately only challenging the IJ's determination that the negative factors outweighed the positive equities.  See Arias v. U.S. Att'y Gen., 482 F.3d 1281, 1284 (11th Cir. 2007) (concluding that a due process claim that the IJ was intemperate and abusive was in fact a challenge to the weighing of the discretionary factors and that this Court lacked jurisdiction to review it).  We are therefore required to dismiss Reyes's petition for review of the BIA's order dismissing Reyes's appeal of the IJ's denial of his cancellation of removal application.

**PETITION DENIED IN PART, DISMISSED IN PART.**